BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 16 1974

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE AIR CRASH DISASTER AT
PAGO PAGO, AMERICAN SAMOA,
ON JANUARY 30, 1974

)
)    DOCKET NO. 176
)

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL **, JUDGES OF
THE PANEL

PER CURIAM

On January 30, 1974, a Pan American World Airways

commercial aircraft, manufactured by the Boeing Company,

crashed while on approach for landing at Pago Pago, American

Samoa.  Twenty-eight actions arising out of the crash have

been filed in four different districts.  Certain plaintiffs

move to have all actions stemming from the crash trans-

ferred to the Central District of California for coordi-

nated or consolidated pretrial proceedings pursuant to

28 U.S.C. §1407.  All responding parties favor the transfer

of these actions to a single district for such pretrial

proceedings.

---

\* Judges Murrah and Becker were unable to attend the
Panel hearing and, therefore, took no part in
the consideration or decision of this matter.

\*\* Judge Weigel recused himself and took no part in
the consideration or decision of this matter.

We find that these actions involve common questions of fact and that their transfer to the Central District of California, pursuant to Section 1407, will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The sole dispute amongst the parties is which forum is the most appropriate transferee district.  All of the plaintiffs favor the Central District of California. They argue that the aircraft involved in this litigation was certified by the Federal Aviation Administration, Western Regional Branch, headquartered in the Los Angeles area, and that many of the relevant documents, files, records and witnesses dealing with the certification question are located there.

The Boeing Company contends that all actions should be transferred to the Western District of Washington, where the relevant witnesses and documents relating to plaintiffs' claims of alleged defective design and manufacture of the aircraft are situated.  As an alternative, Pan American argues that all actions should be transferred to the Northern District of California, where Pan American performed servicing and maintenance on the aircraft and trained its crews.

It can fairly be said that any of these three districts could be designated as the transferee forum for this litigation without seriously inconveniencing  any

of the parties or their witnesses.  But there are several
considerations influencing the efficient conduct of this
litigation that warrant transfer of all actions to the
Central District of California.  Pursuant to 28 U.S.C.
§292(b), the Chief Judge of the Ninth Circuit has designated
Senior Judge Peirson M. Hall of the Central District
of California to sit as a district judge in both the North-
ern District of California and the Western District of
Washington and has assigned to him all actions in those
districts and in the Central District of California arising
out of this air crash for purposes of pretrial and trial
proceedings.  If we were to transfer all actions in this
litigation to either the Northern District of California
or the Western District of Washington, Judge Hall would,
of course, receive the Section 1407 assignment. [1]
Judge Hall, however, with the cooperation of all counsel,
has established a discovery schedule for all actions
now pending before him and is busily supervising the
litigation from his chambers in Los Angeles.  Therefore,
while transfer of all actions to the Central District
of California would not unduly inconvenience any of the
parties or their witnesses, it would be most convenient
to Judge Hall because he will be able to conduct all of
his pretrial conferences in Los Angeles.

[1] A Section 1407 order, of course, only applies to
pretrial proceedings.

Moreover, all pleadings and other papers in connection with this litigation are presently sent to Judge Hall in Los Angeles.  A Section 1407 transfer of all actions to any district other than the Central District of California would require two separate files to be maintained, one in Los Angeles for Judge Hall's convenience and another in the transferee district, and would generally disrupt the orderly system heretofore established by Judge Hall to supervise the pretrial processing of this litigation.

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the actions listed on Schedule A and pending in that district.

SCHEDULE A                          DOCKET NO. 176

## CENTRAL DISTRICT OF CALIFORNIA

Pamela Frances Hoffman, et al. v. Pan          Civil Action
American World Airways, Inc., et al.           No. CV-74-676-PMH

National Bank of Commerce, etc. v. Pan         Civil Action
American World Airways, Inc., et al.           No. CV-74-677-PMH

Cathy Ann Giles, etc. v. Pan American          Civil Action
World Airways, Inc., et al.                     No. CV-74-424-PMH

Dick A. Smith v. Pan American World            Civil Action
Airways, Inc., et al.                           No. CV-74-606-PMH

Robert Peyton v. The Boeing Co.                Civil Action
                                                No. CV-74-830-PMH

Laurence B. Green, et al. v. Pan               Civil Action
American Wirld Airways, Inc., et al.           No. CV-74-957-PMH

Michael Joseph Havlick, et al. v. Pan          Civil Action
American World Airways, et al.                  No. CV-74-1125-PMH

Chong Wong, et ux. v. Pan American             Civil Action
World Airways, et al.                           No. CV-74-1220-PMH

Chief Tanuvasa Saifolio Amperosa, et al.       Civil Action
v. Pan American World Airways, et al.          No. CV-74-1221-PMH

Tuipala Sale, et ux. v. Pan American           Civil Action
World Airways, Inc., et al.                     No. CV-74-1222-PMH

Valelia Anu'u v. Pan American World            Civil Action
Airways, Inc., et al.                           No. CV-74-1223-PMH

Chief Tiatia Tiololo, et al. v. Pan            Civil Action
American World Airways, Inc., et al.           No. CV-74-1224-PMH

Saulo Setali v. Pan American World             Civil Action
Airways, Inc., et al.                           No. CV-74-1225-PMH

Molly Allen v. Pan American World              Civil Action
Airways, Inc., et al.                           No. CV-74-1226-PMH

- 2 -

| | |
|---|---|
| Chief Tagaloa Mikaleae Ahkam, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1227-PMH |
| Roger Cann, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1345-PMH |
| Janet P. Bonham, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1346-PMH |
| Yvette Cotte, et al. v. The Boeing Co. | Civil Action No. CV-74-1362-PMH |
| Robert H. Kinderman, Jr., et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1468-PMH |
| Selwyn N. Hetherington, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1481-PMH |
| Hermann Muenster, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1494-PMH |
| Anitele'a Matautia, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV-74-1539-PMH |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vuna Pahulu, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. C74-555-SAW |
| Dean Arthur Phillips, et al. v. The Boeing Co. | Civil Action No. C74-1228-RHS |
| Richard V. Gaines II, et al. v. The Boeing Co. | Civil Action No. C74-1227-RHS |

### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| National Bank of Commerce v. Pan American World Airways, Inc., et al. | Civil Action No. C74-166S |

## DISTRICT OF UTAH

| | |
|---|---|
| Pamela Frances Hoffman, et al. v. Betty Petersen, et al. | Civil Action No. C-74-141 |
| National Bank of Commerce, etc. v. Betty Petersen, et al. | Civil Action No. C-74-142 |